IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

NOV 2 7 2012

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | |
|---|---|
| JAMES E. STEVENS and PATRICIA M. STEVENS, | § § § |
| Plaintiffs, | § § |
| VS. | § NO. 4:12-CV-594-A § |
| WELLS FARGO BANK, N.A. and BANK OF AMERICA, | § § § |
| Defendants. | § |

MEMORANDUM OPINION
and
ORDER

Before the court for decision is the motion of defendants,
Wells Fargo Bank, N.A. ("Wells Fargo") and Bank of America
("BOA"), to dismiss the first amended complaint ("amended
complaint") of plaintiffs, James E. Stevens and Patricia M.
Stevens ("plaintiffs"), pursuant to Rule 12(b)(6) of the Federal
Rules of Civil Procedure, for failure to state a claim upon which
relief may be granted.  After having considered such motion,
plaintiffs' response, defendants' reply, all supporting
documents, and applicable legal authorities, the court has
concluded that defendants' motion to dismiss should be granted.

I.

## Background

Plaintiffs initiated this action by filing their original petition in the District Court of Tarrant County, Texas, 153rd Judicial District, as Cause No. 342-260633-12, and defendants removed the case to this court.  Upon removal, the court ordered plaintiffs to file an amended complaint that complies with the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Northern District of Texas. Plaintiffs filed their amended complaint, after which defendants filed a motion to dismiss along with a supporting brief. Plaintiffs then filed their response, and defendants subsequently filed their reply.

Plaintiffs have alleged claims against defendants for violations of the Texas Finance Code, violations of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., common law fraud, and predatory lending practices.  In their prayer for relief, plaintiffs seek unspecified statutory damages, compensatory damages, exemplary damages, attorney's fees and costs, pre- and post-judgment interest, and injunctive relief allowing plaintiffs to maintain possession of their property and avoid foreclosure.

Plaintiffs made the following factual allegations in their amended complaint:

2

On or about February 16, 2006, plaintiffs entered into a loan for the amount of $1,000,000, evidenced by a note executed by plaintiffs and delivered to defendant BOA. The note was secured by a deed of trust bearing the same date, executed by plaintiff and delivered to PRLAP, Inc., as trustee on behalf of defendant BOA. Such deed of trust placed a lien on plaintiffs' real property at issue in this action. Plaintiffs' search of public records did not indicate that a substitute trustee was ever appointed or that the lien or deed of trust were assigned to defendant Wells Fargo, but Wells Fargo represented to plaintiffs that it has owned "the Loan during all times critical to the foreclosure process." Am. Compl. at 3, ¶ 7. Plaintiffs did not receive a written notice of default in a manner they deemed proper.[1] Wells Fargo did not provide additional notices to plaintiffs regarding plaintiffs' rights to seek verification of their debt, right to reinstate after foreclosure, or right to bring an action to prevent the acceleration of debt and sale of

---

[1] Plaintiffs allege that they were "not duly noticed" pursuant to the requirements of the Texas Property Code Section 51.002. Plaintiffs go on to recite the statutory requirements, but do not provide any facts alleging what was deficient in any notice they received. Further, defendants have provided documentation to show that they provided the appropriate notice to plaintiffs. Defs.' Br. at 9; Defs.' Ex. D.

In determining whether to grant a motion to dismiss, the court ordinarily may not "go outside the complaint;" however, the court may consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claim. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). Thus, because the amended complaint references the lack of notice, and such lack of notice is central to plaintiffs' claims, the court may consider the document provided by defendants.

the property.[2]  Sometime after executing the deed of trust,

plaintiffs' loan was sold and securitized into a trust.

Plaintiffs sought "advice and expertise" from defendant BOA in

order to obtain a purchase loan for the property.[3]  In

considering plaintiffs' loan application, BOA conducted an

underwriting and review of plaintiffs' financial affairs, and

calculated plaintiffs' debt-to-income ratio as 43.2%.  BOA also

"under disclosed the finance charges" by $154.70.

## II.

### Grounds for Defendants' Motion

Defendants filed their motion pursuant to Rule 12(b)(6) of

the Federal Rules of Civil Procedure for failure to state a claim

upon which relief may be granted.  Defendants first allege that

the amended complaint should be dismissed because (1) plaintiffs

have failed to allege tender of the underlying debt;[4] and (2)

plaintiffs' claims are predicated on their "fundamentally flawed

theories regarding Defendants' lack of capacity to enforce their

---

[2] Notice sent to plaintiffs by defendants, as provided by defendants and referenced in Footnote No. 1 above, contains this information.

[3] The amended complaint actually reads, "Defendant sought the advice and expertise from BOA;" however, the context and surrounding sentences reveal that plaintiffs were referring to themselves in this sentence. Am. Compl. at 5, ¶ 12 (emphasis added).

[4] There does not appear to be a dispute that plaintiffs have failed to tender the underlying debt. Nowhere in the amended complaint do the plaintiffs allege that they have attempted to cure the default or make payments.  Plaintiffs also do not claim to have cured the default in their response.

indebtedness through a non-judicial foreclosure of the property securing their mortgage." Def.'s Br. at 1.  Defendants also contend that plaintiffs have not pleaded any set of facts that could state a claim for violations of the Texas Finance Code or common law fraud against either defendant.  Next, defendants contend that plaintiffs' claim pursuant to TILA is time-barred, that plaintiffs lack standing to challenge the securitization of the note, and that plaintiffs' predatory lending claim is not a valid cause of action under Texas law.

III.

Analysis

A. Standard of Review

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted).  Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than simply allege legal conclusions or recite the elements of a cause

of action.  See Twombly, 550 U.S. at 555 & n.3.  Thus, while a
court must accept all of the factual allegations in the complaint
as true, it need not credit bare legal conclusions that are
unsupported by any factual underpinnings.  See Ashcroft v. Iqbal,
556 U.S. 662, 679 (2009) ("While legal conclusions can provide
the framework of a complaint, they must be supported by factual
allegations.").

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that the plaintiff's right to relief is plausible.  Iqbal, 556
U.S. at 679.  To allege a plausible right to relief, the facts
pleaded must suggest liability; allegations that are merely
consistent with unlawful conduct are insufficient.  Twombly, 550
U.S. at 566-69.  "Determining whether a complaint states a
plausible claim for relief . . . [is] a context-specific task
that requires the reviewing court to draw on its judicial
experience and common sense."  Iqbal, 556 U.S. at 679.

B.   Applying the Standards to the Amended Complaint

Proceeding on the basis of the information before the court
in plaintiffs' amended complaint, the court finds that
plaintiffs' allegations for all claims fall short of the pleading
standards and should be dismissed.  The court considers
plaintiffs' theories of recovery and defendants' arguments to

dismiss in the following order: first, the issue of whether
defendant Wells Fargo has the capacity to foreclose on
plaintiffs' property; second, plaintiffs' claims for violations
of the Finance Code; third, plaintiffs' TILA claim; fourth,
plaintiffs' claims for common law fraud; and fifth, plaintiffs'
claim for predatory lending practices.

    1.   <u>Authority of Defendant Wells Fargo to Foreclose</u>

    Plaintiffs advance two theories alleging that Wells Fargo
lacks the authority to foreclose on plaintiffs' property: (1)
that "there is no legally recorded assignment of the Deed of
Trust," and (2) that plaintiffs' mortgage was sold and
securitized into a trust, thereby "splitting the deed of trust
from the promissory note" and making the mortgage loan
"ineffectual." Am. Compl. at 4-5. Both theories are flawed and
both have been routinely rejected by courts. <u>See</u> <u>Smith v. Wells
Fargo Bank, N.A.</u>, No. 3:11-CV-1211-M-BD, 2012 WL 4168331 (N.D.
Tex. Aug. 27, 2012), <u>adopted</u>, 2012 WL 4195875 (N.D. Tex. Sept.
20, 2012) (explaining both theories and providing cases).

    First, courts in Texas have repeatedly recognized that Texas
law allows a mortgagee or a mortgage servicer to administer a
deed of trust foreclosure without production of the original
note. <u>See</u> <u>Van Hauen v. Wells Fargo Bank, N.A.</u>, No. 4:12-CV-344,
2012 WL 4162138 (E.D. Tex. Aug. 24, 2012) (listing cases),

adopted, 2012 WL 4322518 (E.D. Tex. Sept. 20, 2012). Texas
courts have also held that recording an assignment of a lien,
deed, or deed of trust is not necessary for such instruments to
be enforceable. Broyles v. Chase Home Fin., No. 3:10-CV-2256-G,
2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (listing cases).

        Second, plaintiffs argue that the title to their property
"became defective when the Original Mortgagee allegedly assigned
the Note to [Wells Fargo]." Plaintiffs contend that, at some
point, their loan was "sold and securitized into a Trust,"
thereby causing the note to be unsecured and precluding
foreclosure. However, the assignment to Wells Fargo included all
beneficial interest under the deed of trust, with the note, and
all rights accrued or to accrue under the deed of trust and
mortgage. Further, "[a] transfer of an obligation secured by a
note also transfers the note because the deed of trust and note
are read together to evaluate their provisions." DeFrancheschi
v. Wells Fargo Bank, N.A., 837 F. Supp.2d 616, 623 (N.D. Tex.
2011) (stating that "there is no merit to Plaintiffs' argument
that the deed of trust and note were "split," rendering any
attempted foreclosure defective").

        Accordingly, as assignee of the interest in the deed of
trust at issue and all rights formerly held by the original
lender, Wells Fargo possesses the authority to foreclose on

plaintiffs' property.

    2.   Texas Finance Code Claims

    Defendants seek dismissal of Plaintiffs' claims under the Texas Debt Collection Practices Act, contending that plaintiffs have not pleaded any set of facts that can state a claim for relief. Plaintiffs allege that Defendants violated sections 392.301(a)(8), 392.302(4), 392.303(a)(2), 392.304(a)(8), and 392.304(a)(19)of the Texas Finance Code. However, plaintiffs allege few, if any, facts that can support a cause of action for any of the above-mentioned sections under the Finance Code. Also, in plaintiffs' response, they refer only to Section 392.301(a)(8), and fail to address any of the other claims they are asserting under the Finance Code, seemingly abandoning such claims. Still, the court addresses each of plaintiffs' claims in turn.

    a.   Section 392.301(a)(8)

    Under section 392.301(a)(8), a debt collector is prohibited from using "threats, coercion, or attempts to coerce" that involve "threatening to take an action prohibited by law." But, under section 392.301(b), a debt collector is not prevented from "threatening to institute civil lawsuits or other judicial proceedings to collect a consumer debt" or from "exercising or threatening to exercise a statutory or contractual right of

9

seizure, repossession, or sale that does not require court proceedings." Plaintiffs provide no factual allegations that defendants have threatened to take any action prohibited by law, as plaintiffs have admittedly defaulted on their loan obligations, and "foreclosure is not an action prohibited by law." <u>Watson v. CitiMortgage, Inc.</u>, No. 4:10-CV-707, 2012 WL 381205, at *8 (E.D. Tex. Feb. 3, 2012). To the extent plaintiffs contend that Wells Fargo did not have the authority to foreclose, the court has already rejected that argument.

      b.   <u>Section 392.304(a)(8) and (a)(19)</u>

Under section 392.304(a)(8), a debt collector "may not use a fraudulent, deceptive, or misleading representation that . . . misrepresent[s] the character, extent, or amount of a consumer debt . . . in a judicial or governmental proceeding." Section 392.304(a)(19) prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer," and has been referred to as the "catch-all" provision of section 392.304. <u>Wiley v. U.S. Bank, N.A.</u>, No. 3:11-CV-1241-B, 2012 WL 1945614, at *11 (N.D. Tex. May 30, 2012). For a statement to be considered a misrepresentation under the Finance Code, the defendant must have made a false or misleading assertion. <u>Obuekwe v. Bank of Am., N.A.</u>, No. 4:11-CV-762-Y, 2012 WL 1388017, at *7 (N.D. Tex. Apr.

19, 2012) (quoting Narvaez v. Wilshire Credit Corp., 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010)). "For a statement to constitute a misrepresentation under the [Texas Finance Code], the debt collector must have made an affirmative statement that was false or misleading." Nolasco v. CitiMortgage, Inc., No. H-12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012) (quoting Burr v. JPMorgan Chase Bank, N.A., No. 4:11-CV-3519, 2012 WL 1059043, at *7 (S.D. Tex. Mar. 28, 2012)).

Plaintiffs fail to identify affirmative statements made by defendants that were false and misleading. The only actual statement plaintiffs' identify is that Wells Fargo represented to them that it owned the note at all relevant times. Plaintiffs contend, "Through its communications and demands, [Wells Fargo] misrepresented the character and extent of Plaintiffs mortgage loans, wrongfully accelerated and posted property in question, and imposed wrongful charges (i.e. penalties, attorney fees, corporate advances) on Plaintiffs' mortgage account thus using deceptive means to collect a debt." Am. Compl. at 7. Plaintiffs do not identify the content of the communications and demands, do not provide even a basic explanation of how the character and extent of their loans were misrepresented, and do not state an amount of charges imposed or how those charges were contrary to what was authorized by the documents plaintiffs signed.

11

c.   Section 392.303(a)(2)

Under section 392.303(a)(2), a debt collector "may not use unfair or unconscionable means" that involve "collecting or attempting to collect interest or a charge, fee, or expense incidental to the obligation unless the interest or incidental charge, fee, expense is expressly authorized by the agreement creating the obligation or legally chargeable to the consumer." Although plaintiffs claims that Wells Fargo "imposed wrongful charges," they allege no facts as to what the charges were, how they were unconscionable, or how the charges were not authorized by the mortgage documents. See Stapp v. Bank of Am., N.A., No. 4:11-CV-203, 2012 WL 3853440, at *7 (E.D. Tex. Sept. 5, 2012) (recommending dismissal of § 392.303(a)(2) claim when plaintiffs contend they are not liable for charges, but alleged no facts to show that charges were unauthorized), adopted, 2012 WL 4502426 (E.D. Tex. Sept. 28, 2012).

Accordingly, plaintiffs have not stated a claim for any Finance Code violations, and such claims should be dismissed.

3.   TILA Claims

Plaintiffs claim that BOA violated TILA by under-disclosing finance charges by $154.70, thereby exceeding the amount allowed under TILA.  Defendants contend that plaintiffs' TILA claim is time-barred, as TILA has a one-year limitations period, 15 U.S.C

§ 1640(e), that begins to run "when the transaction is consummated." Moor v. Travelers Ins. Co., 784 F.2d 632, 633 (5th Cir. 1986). To the extent plaintiffs pleaded fraud as part of their TILA allegations, Texas common law fraud has a four-year limitations period. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). Plaintiffs' claim for TILA violations arises from the closing of their loan, which occurred on February 16, 2006, approximately six-and-one-half years prior to the initial filing of plaintiffs' lawsuit. Plaintiffs argue that they did not have notice of the alleged TILA violation, and that the court should allow the claims to go forward for that reason. To toll the TILA statute of limitations, plaintiffs must "show that the defendant[] concealed the reprobated conduct and despite the exercise of due diligence, [they] were unable to discover that conduct." Nichamoff v. CitiMortgage, Inc., No. H-12-1039, 2012 WL 4388344, at *2 (S.D. Tex. Sept. 25, 2012) (quoting Moor, 784 F.2d at 633). However, the amended complaint offers no legitimate reason for their lack of knowledge of TILA violations, stating only that "[i]n reviewing Plaintiffs' loan documents which were given to Plaintiff at the time of loan origination, it can be seen that Defendant BOA under disclosed the finance charges in the Truth in Lending given to Plaintiffs . . . ." Am. Compl. at 6, ¶ 13. Clearly, plaintiffs had the loan documents in their possession at

and following the closing, and do not allege facts that BOA
concealed information from them or prevented them from
discovering the alleged under-disclosure.  Therefore, plaintiffs'
TILA claims should be dismissed.

    4.   Common Law Fraud Claims

    Plaintiffs' fraud claims are governed by the heightened
pleading standard under Rule 9(b) of the Federal Rules of Civil
Procedure.  See Lone Star Fund V (U.S.), LP v. Barclays Bank PLC,
594 F.3d 383, 387 n.3 (5th Cir. 2010) (explaining that when
claims "sound in fraud and negligent misrepresentation,
[plaintiffs] must plead the misrepresentations with
particularity").  Rule 9(b) of the Federal Rules of Civil
Procedure requires "a plaintiff pleading fraud to specify the
statements contended to be fraudulent, identify the speaker,
state when and where the statements were made, and explain why
the statements were fraudulent."  Herrmann Holdings Ltd. v.
Lucent Techs. Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)
(internal quotation marks and citations omitted).  To satisfy
this requirement, plaintiffs must allege "the particulars of
time, place, and contents of the false representations, as well
as the identity of the person making the misrepresentation and
what that person obtained thereby."  Tuchman v. DCS Commc'ns
Corp., 14 F.3d 1061, 1068 (5th Cir. 1994) (internal quotation

marks omitted).

To state a claim for common-law fraud, plaintiffs must allege that (1) the defendant made a false material representation; (2) knowingly or recklessly; (3) that was intended to induce plaintiffs to act upon the representation; and (4) plaintiffs actually and justifiably relied upon the representation and suffered injury. Ernst & Young, L.L.P. v. Pac. Mut. Life Ins. Co., 51 S.W.3d 573, 577 (Tex. 2001).

Plaintiffs fraud claim against Wells Fargo seem to center around Wells Fargo's representation that it owned the note and deed of trust, giving it the power to institute foreclosure proceedings on plaintiffs' property. This claim is based on plaintiffs' argument that Wells Fargo lacked the authority to foreclose on plaintiffs' property, an argument the court has already rejected. Plaintiffs identify no other statements made by Wells Fargo that they allege could constitute fraud, nor do they provide specific details surrounding their assertions regarding Wells Fargo's statement that it owned the note and deed of trust. Accordingly, plaintiffs' common law fraud claim against Wells Fargo should be dismissed.

Plaintiffs' fraud claims against BOA center around their contention that BOA "obtained the loan by fraud by violating the Truth in Lending Act and Mortgage Compliance underwriting

15

regulations," in "giving Plaintiffs a loan that did not meet mortgage compliance regulations thereby creating a loan that Plaintiffs may not have had the ability to repay due to Defendant BOA allowing Plaintiffs' debt-to-income ratio be higher than the underwriting regulations." Am. Compl. at 8. The court has already determined that plaintiffs' TILA claims are time-barred under that statute, 15 U.S.C. 1640(e), and likewise determines that plaintiffs' fraud claim arising from the same conduct is barred by Texas Law, which requires actions for common law fraud to be brought within four years. Tex. Civ. Prac. & Rem. Code § 16.004(a)(4). Nothing alleged in the amended complaint could support tolling of the limitations period, as discussed regarding plaintiffs' TILA claim. Furthermore, plaintiffs do not even identify the representation made by BOA that they allege was false and material. Therefore, plaintiffs' claim for common law fraud against BOA should be dismissed.

    5.    <u>Predatory Lending Claim</u>

    Plaintiffs contend that BOA engaged in "[p]redatory lending, unfair or abusive mortgage violations" including such practices as "unjustified risk-based pricing" and "failure to offer a negotiable loan price," among others. Am. Compl. at 10, ¶ 25. Defendants correctly point out that predatory lending is not a recognized cause of action in Texas, and plaintiffs have not

identified a constitutional provision or statute that defendant could have violated.  Defs.' Br. at 13.  Plaintiffs also have not identified any authority in their amended complaint or response that recognizes predatory lending as a cause of action.  See Renfrow v. CTX Mortg. Co., LLC, No. 3:11-CV-3132-L, 2012 WL 3582752 (N.D. Tex. Aug. 20, 2012) (stating that "[n]o Texas court has recognized an independent cause of action for 'predatory lending'" and citing cases).  Accordingly, plaintiffs' predatory lending claim should be dismissed.

V.

## Conclusion

The court has already afforded plaintiffs an opportunity to file an amended complaint that complies with the requirements of Rules 8(a)(2) and 9(b), alleging with particularity the facts that they contend will establish their right to recover against defendants as to each theory of recovery alleged.  For the reasons stated above, the court concludes that plaintiffs' amended complaint has not resolved those defects, and that plaintiffs' pleadings do not allege that they are entitled to relief.  Accordingly, defendants' motion to dismiss should be granted, and plaintiffs' claims for Texas Finance Code violations, TILA violations, common-law fraud, and predatory

lending should be dismissed with prejudice.

Therefore,

The court ORDERS that defendants' motion to dismiss be, and is hereby, granted, and that all claims and causes of action asserted in the above-captioned action by plaintiffs against defendants, be, and are hereby, dismissed with prejudice.

SIGNED November 27, 2012.

JOHN McBRYDE
United States District Judge